UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ADRIAN GARCIA RANGEL and JANELL ALLANE RANGEL,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS REYNOLDS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   4:07-CV-20 AS<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM, ORDER & OPINION

This matter is before the Court on the Motion to Dismiss (Docket No. 25) filed on March 30, 2007 by one of the defendants in this case, Judge Faith Graham. The plaintiffs filed their Response to Motion to Dismiss (Docket No. 42) on April 3, 2007 and filed a 2nd Memorandum in Support of Plaintiffs Response (Docket No. 49) on April 9, 2007. The issues have been fully briefed.

I.  Procedural and Factual Background

The plaintiffs, Adrian Garcia Rangel and Janell Allane Rangel, filed a *pro se* Complaint (Docket No. 1) in this Court on March 12, 2007 and subsequently filed an Amended [*pro se*] Complaint (Docket No. 6) on March 15, 2007. The Rangels allege a claim pursuant to 42 U.S.C. § 1983 for violation of their due process rights and state a claim against Faith Graham ("Judge Graham") for actions allegedly taken in her official capacity as a judge of Tippecanoe Superior Court No. 3 in proceedings regarding the custody of the plaintiffs' child. On March 30, 2007, Judge Graham filed a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that she is entitled to absolute

judicial immunity from suit and that plaintiffs' claims against her must be dismissed for

failure to state a claim upon which relief can be granted.

## II.  Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is

appropriate if the Complaint sets forth no viable cause of action upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6); *Challenger v. Ironworkers Local No. 1,* 619 F.2d 645,

649 (7th Cir. 1980).  In assessing the propriety of a motion to dismiss for failure to state a

claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court accepts all

well-pleaded factual allegations in the complaint and the inferences reasonably drawn

from them as true.  *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir.1999).

Plaintiffs' claims are subject to dismissal  only if it is clear that he can prove no set of

facts consistent with the allegations in the complaint that would entitle him to relief.

*Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999).

Furthermore, the Court is not required to accept the plaintiffs' legal conclusions.

*Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998), *cert. denied* 525 U.S. 930 (1998).

Dismissal of a complaint is appropriate "only if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief."

*Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) (internal citations omitted).  See also

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957).  Complaints by *pro se* parties must be "liberally construed and not held to the

stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

### III.  Analysis

The United States Supreme Court has instructed the fundamental principle that a "'judicial officer, in exercising the authority vested in him [should] be free to act upon his own convictions, without apprehension of personal consequences to himself' . . . 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Stump v. Sparkman*, 435 U.S. 349, 354 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).  *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 522 (7th Cir. 2001) (stating "[T]he cloak of immunity is designed to prevent a situation in which decision-makers act with an excess of caution or otherwise . . . skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct out of a fear of litigation or personal monetary liability.")(internal quotation marks and citations omitted). The doctrine of judicial immunity promotes an important interest in an independent, impartial, and unfettered exercise of judgment by the judiciary.  *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993).

Like other forms of official immunity, judicial immunity is an immunity not only from the assessment of damages, but more importantly, it is an immunity from suit.

*Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 511, 526 (1985).  This immunity

is overcome in only two sets of circumstances: (1) where the judge's acts are nonjudicial

or, in other words, "not taken in the judge's judicial capacity" or (2) where the judge's

actions, though judicial in nature, are "taken in the complete absence of all jurisdiction."

*Mireles*, 502 U.S. at 11-12 (*citing Forrester v. White*, 484 U.S. 219, 227-229 (1988);

*Stump*, 435 U.S. at 360; *Bradley* 80 U.S. at 351).  To determine whether an individual is

entitled to absolute immunity, the Court must examine the "nature of the functions

performed by the [judicial] officer in question and 'the effect that exposure to particular

forms of liability would likely have on the appropriate exercise of those functions.'"

*Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2005)(quoting *Forrester*, 484 U.S. at 224).

The Seventh Circuit stated, "[w]e are not holding that everything a judge does is judicial

and clothed with absolute immunity, for if it is truly nothing more than purely ministerial

or administrative, the judge will not be absolutely immune.*"  Lowe*, 772 F.2d at 313.

Here, the plaintiffs have alleged that Judge Graham acted outside the scope of her

judicial capacity by being a former DCS worker and by not recusing herself from the case

filed by the DCS regarding the plaintiffs' child (Amended Complaint at 2, 4-5), finding

that there was probable cause to continue state custody of plaintiffs' child even though

plaintiffs presented evidence that they were adequately caring for their child (Amended

Complaint at 5), ordering plaintiffs "into a host of services" (Amended Complaint at 5),

ordering plaintiffs "to sign forms against their will or face contempt of court charges

(Amended Complaint at 5),  and denying a motion to dismiss filed by Plaintiffs

(Amended Complaint at 5).  Moreover, the plaintiffs allege that Judge Graham "broke the

law in handling the Rangel case.  i.e. conflict of interest, abuse of process, conspiracy"

(Plaintiffs' Response to Motion to Dismiss at 2) and that Judge Graham is "not entitled to

absolute immunity for Acts that violate our clearly established rights to Due Process

though sitting in robes in a court of law." Plaintiffs' 2nd Memorandum in Support of

Plaintiffs' Response to Motion to Dismiss at 1 (emphasis omitted).

The plaintiffs have not alleged that Judge Graham was without any jurisdiction to

take these acts. *See Mireles*, 502 U.C. 9, 12-13 (holding that absolute immunity extends to

all judicial acts save those taken in complete absence of jurisdiction); *Killinger v.

Johnson*, 389 F.3d 765, 770 (7th Cir. 2004).  The issue, then, is whether Judge Graham's

actions were judicial acts taken in her judicial capacity.

Traditionally, courts have considered the following factors to determine whether

an act is judicial: "(1) whether the act or decision involves the exercise of discretion or

judgment, or is rather a ministerial act which might as well have been committed to a

private person as to a judge; (2) whether the act is normally performed by a judge; and (3)

the expectations of the parties, i.e., whether the parties dealt with the judge as a judge."

*Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (quoting *Lowe v. Letsinger*, 772

F.2d 308, 312 (7th Cir. 1985).  Here, Judge Graham's actions were purely judicial in

nature.  Her actions involved the exercise of discretion or judgment, were functions

normally performed by a judge, and were performed to the expectations of the parties,

5

involving Judge Graham acting in her judicial capacity.  Accordingly, this Court finds

that Judge Graham is entitled to absolute judicial immunity.  Because there is no

likelihood of success on the merits, the plaintiffs are not entitled to injunctive relief.[1]

Therefore, the plaintiffs' Motion for Preliminary Injunction (Docket Nos. 7 and 13) and

amended Motion for Preliminary Injunction (Docket No. 40) are denied as to this

defendant.

### IV.  Conclusion

Though the plaintiffs' Amended Complaint is not held to stringent standards and

their allegations are liberally construed, it does not appear that they have stated an

intelligible federal claim.  Judge Graham's Motion to Dismiss (Docket No. 25) is

**GRANTED**, the plaintiffs' Motion for Preliminary Injunction (Docket Nos. 7 and 13)

and amended Motion for Preliminary Injunction (Docket No. 40) are **DENIED** as to this

defendant, and the plaintiffs' claim against Judge Graham is **DISMISSED WITH**

**PREJUDICE.**

**SO ORDERED.**
**DATED: April 12, 2007**

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1]*See Smith v. City of Hammond, Indiana*, 388 F.3d 304, 307 (7th Cir. 2004) (stating that where the defendant is not entitled to obtain a final judgment awarding either monetary or equitable relief by virtue of absolute judicial immunity, "he cannot obtain preliminary relief, which is merely a way station to final relief.").

6