UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ADRIAN GARCIA RANGEL and JANELL ALLANE RANGEL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:07-CV-20 AS |
| CHRIS REYNOLDS, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM, ORDER & OPINION**

The plaintiffs, Adrian Garcia Rangel and Janell Allane Rangel, filed a *pro se* Complaint in this Court on March 12, 2007 and subsequently filed an Amended [*pro se*] Complaint on March 15, 2007. The plaintiffs filed a motion for preliminary injunction (Docket No. 7) on March 15, 2007 and a supplement to that motion (Docket No. 13) on March 21, 2007. Plaintiffs then filed a verified motion for amended preliminary injunction (Docket No. 40) on April 2, 2007, a supplement to that motion (Docket No. 41) on April 3, 2007, a second supplement to that motion (Docket No. 48) on April 9, 2007, and a second verified motion for amended emergency preliminary injunction (Docket No. 54) on April 16, 2007. The plaintiffs allege claims against the various parties pursuant to 42 U.S.C. § 1983 for violation of their due process rights.

On April 9, 2007, defendant Chris Reynolds, a caseworker for the Tippecanoe County Office of the Indiana Department of Child Services ("Tippecanoe County DCS") filed a motion to dismiss and stay pursuant to Fed. R. Civ. P. 12(b)(1). *See* Docket Nos.

45 and 47. Reynolds asserted that, under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, the Court should decline at this time to exercise jurisdiction of the plaintiffs' claims, dismiss plaintiffs' claim for equitable relief, and stay plaintiffs' claims for damages. Plaintiffs filed a response to this motion to dismiss on April 16, 2007. *See* Docket Nos. 52 and 53.

In *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274 (1977), the Supreme Court stated that the federal courts are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." And in *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996), the Court stated, "[w]hen confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain." *Barichello*, 98 F.3d at 955 (*citing Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 816, n. 22 (1976). The *Younger* abstention doctrine dictates that, unless there are extraordinary circumstances, a federal court should not adjudicate matters that are pending in state court so long as (1) it is an ongoing state proceeding; (2) an important state interest is involved; and (3) the federal plaintiff will be afforded an adequate opportunity in the state proceeding to raise constitutional challenges and will be afforded an adequate opportunity for judicial review of the constitutional claims during or after the proceeding. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 and 435 (1982).[1] There are two exceptions to *Younger*: (1) where "the state

---

[1] The *Younger* doctrine "has been extended to civil proceedings when important state interests are involved." *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986).

2

proceeding is motivated by a desire to harass or is conducted in bad faith, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), and (2) where the case involves such extraordinary circumstances that the plaintiff will suffer irreparable injury even though the state action was brought in good faith, *Moore v. Sims*, 442 U.S. 415, 433 (1979).

Here, the three prongs of *Younger* are satisfied. First, there is an ongoing state court proceeding[2] that includes the same issues that plaintiffs seek to address in federal court – the custody of their child, L.R.[3] The plaintiffs filed their complaint on March 12, 2007, while the state proceedings regarding custody of their child, L.R., were still pending. As of the date of this order, those state court proceedings are still pending.

Second, the interests of the State of Indiana in the welfare of children cannot be gainsaid. The Seventh Circuit has applied the *Younger* doctrine to child custody matters because the state is so "heavily involved" in the proceedings and because the state has an independent interest in the child's health and welfare. *See Id. See also Moore*, 442 U.S. at 435 (stating that "[f]amily relations are a traditional area of state concern); *31 Foster Children v. Bush*, 329 F.3d 1255, 1260 (11th Cir. 2003) (noting that a state has an important interest in its own foster care system); *Liedel v. Juvenile Court*, 891 F.2d 1542, 1546 (11th Cir. 1990) (asserting that pending child abuse proceedings are of vital state

---

[2]The ongoing state proceeding is: *In the Matter of L.R., A Child Alleged To Be A Child In Need of Services*, Cause No. 79D03-0702-JC-000036, Tippecanoe Superior Court 3.

[3]This Court notes that, in their response, the plaintiffs concede that the first two prongs of *Younger* are met by failing to address them. Rather, plaintiffs focus on the third prong of *Younger* and the *Younger* exceptions in their response.

concern).

And third, the plaintiffs have not shown that the state court is not an adequate forum to present their constitutional claims. The Supreme Court stated, "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431. Absent unambiguous authority to the contrary, federal courts "should assume that state procedures will afford an adequate remedy." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). The inquiry, then, is not whether the state courts can do all that the plaintiffs wish they could, but whether the available remedies are adequate. *See Younger*, 401 U.S. at 45.

Here, Plaintiffs assert that they have not been given the opportunity for a fair hearing on the county level and that their harm is unlikely to be corrected at the county level. Plaintiffs argue that the violation of their due process rights cannot be remedied at the state level and that a "subsequent de novo hearing cannot undue the interim harm caused to constitutional rights." Plaintiffs' Response (Docket No. 53) at 4 (citing *Gibson*, 411 U.S. at 577, n. 16). But the plaintiffs have failed to establish that the ongoing state proceedings fail to afford them an adequate opportunity to raise any alleged constitutional challenges. Where, as here, the constitutional challenges can affect the state proceedings, the federal court should abstain and allow the state court to resolve the federal questions presented. *See Brunken*, 807 F.2d at 1331 (citing *Middlesex*, 457 U.S. at 431) ("State

4

courts are just as able to enforce federal constitutional rights as federal courts.").

Moreover, the plaintiffs' Amended Complaint does not fall within one of the recognized exceptions to *Younger*. Plaintiffs first assert that the entire case against them is built on bad faith and is motivated out of a desire to harass. To establish an entitlement to "the bad faith exception to the Younger doctrine . . . [plaintiffs] must allege specific facts to support her inferences of bad faith, bias, and retaliation . . . [plaintiffs] must present more than mere allegations and conclusions." *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999). The Court must be convinced that "under a realistic appraisal of psychological tendencies and human weaknesses . . . [there is] a risk of actual bias or prejudgment." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). The record before the Court, however, provides no persuasive evidence that any of the parties in this case are biased or harbor bad faith toward the plaintiffs.

Plaintiffs also assert that extraordinary circumstances exist which prevent the application of *Younger*. Specifically, plaintiffs contend that "a county judge . . . involved with a long history of blatantly violating judicial Canon 3 concerning being able to hear DCS cases specifically" constitutes an extraordinary circumstance. Docket No. 53 at 2 (emphasis omitted). In *Kugler v. Helfant*, 421 U.S. 113 (1975), the Supreme Court discussed what constitutes "extraordinary circumstances." There, the Court stated:

> [o]nly if "extraordinary circumstances" render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process. The very nature of 'extraordinary circumstances,' of course, makes it impossible

5

> to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. But whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.

*Kugler*, 421 U.S. at 124-125.  Then, in *Moore*, the Supreme Court stated that a child custody order does not *per se* create great, immediate, and irreparable harm warranting federal court intervention, particularly where the state is capable of "accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."  *Moore*, 442 U.S. at 434-35.  This Court has reviewed the plaintiffs' allegations of bias and harassment and concludes that there is insufficient evidence of the extraordinary circumstance of bias that would excuse abstention.  *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998).

Accordingly, this Court abstains from interfering in the ongoing state CHINS proceeding by dismissing plaintiffs' claims for equitable relief.  This Court hereby stays plaintiffs' instant claims for damages because plaintiffs are not able to present a claim for damages in the state court CHINS proceeding.  *See Id* (stating that where damages are not available in the state proceeding, "a stay is appropriate" . . . "but where they are available, dismissal is appropriate.").

### IV.  Conclusion

Based on the foregoing, this Court **ABSTAINS** from considering the plaintiffs' claims under the principles of *Younger*, **DISMISSES** plaintiffs' claims for equitable

6

relief, and **STAYS** plaintiffs' claims for damages because plaintiffs are not able to present a claim for damages in the state court CHINS proceeding.  To the extent that plaintiffs' motions for joinder (Docket Nos. 44, 50, and 55) are motions to amend the complaint, those motions are **GRANTED** insofar as they are consistent with this Order. The plaintiffs must file their amended complaint with the proper parties added and provide summonses to the clerk's office by Friday, April 27, 2007.

**SO ORDERED.**
**DATED: April   18  , 2007**

                                   **S/ ALLEN SHARP**
                                   **ALLEN SHARP, JUDGE**
                                   **UNITED STATES DISTRICT COURT**